UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED NATURAL FOODS, INC., SUPERVALU INC., and their affiliates in interest,<br><br>    Plaintiffs,<br><br>v.<br><br>TEAMSTERS LOCAL 414, TEAMSTERS LOCAL 120, TEAMSTERS LOCAL 662, and all others conspiring, acting in concert, or otherwise participating with them or acting in their aid or behalf,<br><br>    Defendants. | CASE NO.1:21 CV 0020 HAB-SLC |

**OPINION AND ORDER**

After negotiations for a successor collective bargaining agreement (CBA) between Plaintiffs and Defendant, Teamsters Local 414 (Local 414), based in Fort Wayne, Indiana, broke down, Local 414 initiated a strike and established a picket line at Plaintiffs' Fort Wayne, Indiana distribution center (Fort Wayne DC). United Natural Foods, Inc. (UNF) and Supervalu, Inc. (SV) (collectively, "Plaintiffs") filed this suit against Local 414 asserting that the strike violated the terms and provisions of the Fort Wayne CBA. Plaintiffs also sued Teamsters Local 120 (Local 120), based in Minnesota, and Teamsters Local 662 (Local 662), based in Wisconsin, asserting that they worked in concert with Local 414 to engage in unlawful strikes at their respective distribution centers in Hopkins, Minnesota (Hopkins DC) and Green Bay, Wisconsin (Green Bay DC).

Before the Court is Local 662's fully briefed Motion to Dismiss or Compel Arbitration. (ECF No. 23). Because this Court lacks personal jurisdiction over Local 662, Local 662's Motion to Dismiss will be GRANTED.[1]

## FACTUAL BACKGROUND

### a. The Parties and the Green Bay CBA

As set forth in the Complaint, the Plaintiffs are Delaware corporations engaged in various operations and business activities at warehouse distribution centers that, among other things, store and deliver an array of fresh, frozen, and dry food and non-food products for grocery stores. (Compl. ¶¶ 1–3, ECF No. 1). Local 662 maintains its principal office in Green Bay, Wisconsin, and is a labor organization in which employees participate and which exists to deal with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or other conditions of work.

SV, the local employer, is a party to a CBA for the Green Bay DC (Green Bay CBA). The employee bargaining unit for the Green Bay DC is Local 662. The Green Bay CBA runs from June 1, 2019, through May 31, 2025. The Green Bay CBA generally contains a No Strike Clause[2], prohibiting strikes and work stoppages during its term. The agreement also permits Local 662 members to refuse to cross or work behind primary picket lines ("Picket Line Clause").[3] (Compl. ¶¶s 38-39). Specifically, the Green Bay CBA permits bargaining unit members to refuse to "enter

---

[1] Each of the defendant Unions have filed individual Motions to Dismiss or Compel Arbitration (ECF Nos. 20, 23, 25). Collectively, these motions ask the Court, under various theories, to dismiss the Plaintiffs' claims. Plaintiffs filed a consolidated response (ECF No. 39), and all the Unions have replied. (ECF Nos. 42–44). Rather than issue a consolidated order, the Court, for clarity and simplicity of the issues presented in each motion, shall address each Union's motion to dismiss in separate orders. This is the first of such orders.

[2] The No Strike Clause is in Articles 8 and 9 of the CBA.

[3] The Picket Line Clause is in Article 10 of the CBA.

upon any property involved in a primary labor dispute" or "go through or work behind any primary picket line." (Compl. ¶ 41).

### b. Local 414's Strikes and Extension of the Strike to the Green Bay DC

Negotiations for a successor agreement to the Fort Wayne CBA between the Plaintiffs and Local 414 began in August 2019 and continued throughout September 2019, without resolution. At some point in late September 2019, negotiations between Local 414 and the Plaintiffs broke down and Local 414 was unwilling to meet to continue the bargaining process. (Compl. ¶¶ 50-51). On December 12, 2019, Local 414 initiated a strike and established a picket line at the Fort Wayne DC. On December 17, 2019, Local 414's members began picketing the Hopkins and Green Bay DCs.

On December 17, 2019, representatives of Local 662 sent Green Bay DC employees a text message directing the employees to stop working or not report to work. (Compl. ¶¶s 71–73). When Green Bay DC manager, Renee Spear (Spear), learned of this, Spear notified Local 662 that the strike violated the No Strike Clause under the Green Bay CBA and requested Local 662 to instruct Green Bay DC employees to return to work immediately. Local 662's representatives refused.

On December 18, 2019, Local 414 ended its strike at the Fort Wayne DC and ended picketing at the Hopkins and Green Bay DCs. On that same date, Local 662 employees returned to work.

Troubles continued in the negotiations for a successor CBA at the Fort Wayne DC. On July 23, 2020, Local 414 initiated a second strike and re-established a picket line at the Fort Wayne DC. Plaintiffs' Complaint asserts the strike was unlawful under the CBA. Local 414 did not picket

3

either the Hopkins or Green Bay DCs as it had during the first strike and there is no allegation of a work stoppage at either of those facilities.

### c. Allegations against Local 662 and Local 662's Motion to Dismiss

Plaintiffs assert a single claim for relief against Local 662. Plaintiffs assert that Local 662 breached the Green Bay CBA when its employees refused to cross the picket line and did not report to work during Local 414's strike. (Compl. ¶¶s 100–104). They generally assert that they suffered irreparable harm to their business as a direct and proximate cause of Local 662's work stoppage. (*Id.* ¶¶s 104). More specifically, they assert that the actions of Local 662 caused damages to them "including, but not limited to, the inability to receive and ship products, fulfill customer orders, make and receive deliveries, and otherwise operate the Green Bay DC." (*Id.* ¶ 78).

In response to these allegations, Local 662 filed a barrage or Fed.R.Civ.P. 12 motions to dismiss asserting that: (1) Indiana lacks general or specific personal jurisdiction over it; (2) venue in this district is improper under §301 of the Labor Management Relations Act, 29 U.S.C. § 185; and (3) the Complaint fails to state a claim for relief against it. After a review of the parties' filings, the Court need only address Local 662's motion related to personal jurisdiction as it resolves the Motion to Dismiss.

## DISCUSSION

### A. Applicable Standard

When a defendant moves to dismiss a complaint under Rule 12(b)(2), the plaintiff must establish the existence of jurisdiction. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). A complaint is not deficient just because facts demonstrating personal jurisdiction are not included among the complaint's allegations. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338

4

F.3d 773, 782 (7th Cir. 2003). But when, as here, personal jurisdiction is challenged and a court has not held an evidentiary hearing (the parties did not seek one), the plaintiff only bears "the burden of making a prima facie case for personal jurisdiction." *Curry,* 949 F.3d at 393.

When considering a Rule 12(b)(2) motion, the Court may consider affidavits, but "in evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (alterations accepted) (internal quotation marks omitted). Thus, though the Court must accept as true "any facts in the defendants' affidavits that do not conflict with anything in the record," *id.*, "[t]he plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." *Purdue Rsch. Found.*, 338 F.3d at 783.

### B. Legal Analysis

Local 662 argues that the Court lacks both general and specific personal jurisdiction over it. The Court looks to Indiana's long-arm statute to determine whether it may exercise personal jurisdiction over the defendant. *Rodriguez v. Cavitec AG*, 2010 WL 2519715, at *4 (N.D. Ind. June 14, 2010). Under the statute, the outer boundary of the personal jurisdiction of an Indiana court is set by the Due Process clause of the Fourteenth Amendment. IND. R. TRIAL. P. 4.4(a). Under the Due Process clause, a court may exercise personal jurisdiction over an out-of-state defendant when that defendant has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Personal jurisdiction may be exercised if the court

5

has either general or specific personal jurisdiction. *See KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013).

General jurisdiction requires that a defendant's contacts with a forum state be sufficiently "'continuous and systematic' as to render [them] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). The general jurisdiction threshold is "high" and "'considerably more stringent' than that required for specific jurisdiction." *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) (citing *Purdue Research Fund*, 338 F.3d at 787). "General jurisdiction exists when a foreign corporation's continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC,* 2017 WL 1093150, at *7 (N.D. Ill. Mar. 23, 2017) (citing *Daimler*, 571 U.S. at 118). General jurisdiction thus "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id.*

Here, there can be no dispute that the court lacks general jurisdiction over Local 662. Local 662 submitted the Declaration of Tom Strickland wherein he avers that Local 662 maintains no offices outside Wisconsin, represents no Indiana bargaining members, and has had no contacts with Indiana in 2019 or 2020. (Strickland Decl., ECF No. 24-1, ¶¶'s 2–4). Similarly, the Complaint is void of any assertion that Local 662 has any contacts with Indiana, let alone the type of extensive and pervasive contacts to justify general jurisdiction. Further the Plaintiffs do not dispute that Local 662 lacks a physical presence in Indiana. (ECF No. 39 at 58). Indeed, Local 662 has its principal place of business in Wisconsin, the Green Bay CBA allegedly breached was negotiated

6

in Wisconsin and involves Wisconsin bargaining members, and Local 662 maintains no offices in Indiana. Thus, the court lacks general jurisdiction over Local 662.

Specific jurisdiction exists when a defendant's suit-related conduct creates a substantial connection with the forum state. *Walden v. Fiore,* 571 U.S. 277, 284 (2014). There are three "essential requirements" for a court to exercise specific jurisdiction over an out-of-state defendant: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities; (3) the exercise of personal jurisdiction must follow traditional notions of fair play and substantial justice. *Curry v. Revolution Labs. LLC,* 949 F.3d 385, 392 (7th Cir. 2020).

Plaintiffs assert they "believe that Local 662 assisted Local 414 in its labor dispute and acted in concert with Local 414." (ECF No. 39 at 58). Aside from this speculative belief, Plaintiffs have submitted no affidavits to establish a factual basis for their belief nor have they identified any evidence to show that Local 662 purposefully directed its activities to Indiana. While Plaintiffs argue that conflicts in the affidavits are to be resolved favorably to them, they have not presented any factual conflict that, if resolved in their favor, would establish the first essential requirement of specific personal jurisdiction.

But more importantly, the injury alleged by Plaintiffs as a result of the conduct of Local 662 – that the operation of the Green Bay DC was affected by Local 662's work stoppage – is particular to the Green Bay DC in Wisconsin. There is no allegation, let alone supporting evidence that Local 662's conduct created any harm to the Plaintiffs in Indiana. Thus, Plaintiffs have failed to establish the second essential requirement of specific jurisdiction. And, given the absence of

these first two elements, the Court concludes that the exercise of personal jurisdiction in Indiana would offend traditional notions of fair play and substantial justice.

In a seeming acknowledgment that it has not met its burden, Plaintiffs ask for alternative relief in the form of jurisdictional discovery. It is "well established that a plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case." *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998). "At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *see also Sullivan v. Sony Music Entm't*, No. 14 cv 731, 2014 WL 5473142, at *5 (N.D. Ill. Oct. 29, 2014) (citing *Reimer Express*, 230 F.3d at 946). That is, "[a] plaintiff must make a threshold or prima facie showing with some competent evidence demonstrating that personal jurisdiction *might* exist over a defendant in order to be entitled to jurisdictional discovery." *Andersen*, 179 F.R.D. at 241 (citations omitted).

In appraising a plaintiff's allegations of personal jurisdiction, the court must "read the complaint liberally, in its entirety, and with every inference drawn in favor of [the plaintiff]." *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 878 (7th Cir. 2006). That said, "[i]t is within [the] Court's discretion to permit jurisdictional discovery." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009). "Courts generally grant jurisdictional discovery if the factual record is at least ambiguous or unclear on the issue." *Sullivan*, 2014 WL 5473142, at *5 (citation omitted). "Thus, jurisdictional discovery is not warranted where jurisdiction is based only upon unsupported assertions of personal jurisdiction or where the defendant has provided affirmative evidence that refutes the plaintiff's assertion of

8

jurisdiction." *Id*. (citation omitted); *see Ticketreserve, Inc.*, 656 F. Supp. 2d at 782-83 ("The standard is low, but a plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction." (citation omitted)).

Here, all that the Court has before it is unsupported assertions and speculation that Local 662 may have done something in Indiana to support specific jurisdiction. This is simply not enough to establish the threshold showing necessary to obtain jurisdictional discovery, especially given Strickland's unchallenged declaration that Local 662 has had no contacts with Indiana during the events set forth in the Complaint. Accordingly, the Court denies Plaintiffs' request for alternative relief and GRANTS Local 662's Motion to Dismiss based on lack of personal jurisdiction.

## CONCLUSION

For the reasons above, Local 662's Motion to Dismiss is GRANTED. (ECF No. 23). SO ORDERED December 20, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT